Stephen D. Susman
Charles R. Eskridge III
Thomas W. Paterson
James T. Southwick
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366

Parker C. Folse III
Timothy K. Borchers
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3090
Seattle, Washington 98101
Telephone: (206) 516-3880

Ralph H. Palumbo
Matthew R. Harris
Lynn M. Engel
Philip S. McCune
Lawrence C. Locker
SUMMIT LAW GROUP PLLC
1505 Westlake Avenue N., Suite 300
Seattle, Washington 98109-3050
Telephone: (206) 281-9881

Max D. Wheeler (A3439)
Stephen J. Hill (A1493)
Ryan E. Tibbitts (A4423)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

*Attorneys for Caldera, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CALDERA, INC., | **ORDER ON PLAINTIFF'S MOTION TO COMPEL** |
| Plaintiff, | Case No. 2:96CV 0645B |
| vs. | Judge Dee V. Benson |
| MICROSOFT CORPORATION, | Magistrate Judge Ronald N. Boyce |
| Defendant. | |

FILED
CLERK, U.S. DISTRICT COURT
27 SEP 99 PM 2: 54
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

RECEIVED
SEP 24 1999
U.S. MAGISTRATE

589

On May 18, 1999, The Court heard argument on the Plaintiff's Motion to Compel

Production of Improperly Withheld Documents.  Plaintiff was represented by Ryan E. Tibbitts

and Lawrence C. Locker.  Defendant was represented by Mark M. Bettilyon and Megan

McLemore.  After reviewing the written materials submitted by the parties, and considering the

arguments offered by counsel, the Court rules on the motion as follows:

**A.      Communications Allegedly Lacking Legal Advice.**

Microsoft has reviewed again, according to the instructions provided in Sections A to E

of this Order, the approximately 97 documents that Caldera has identified as allegedly lacking

legal advice, or which may have been disseminated too broadly.  Microsoft is required to

produce any document within this category that:  (a) does not concern legal advice; or (b)

concerns legal advice and is distributed to anyone within or without Microsoft who is beyond the

spectrum of persons who were to implement or utilize that advice.  Conversely, Microsoft is

entitled to withhold as privileged any of the 97 documents that concern legal advice and are

distributed exclusively to persons who were going to implement or utilize that advice.

By agreement of the parties, Microsoft will produce to Caldera all of the 97 documents in

this category, except for the following documents which are properly withheld as privileged, and

require no further description by Microsoft:  Entry No. 307 (seeking legal advice); PMSC 28162

(requesting legal advice); PMSC 29809-812 (requesting legal advice); PMSC 30028-31

(requesting legal advice); PMSC 30034-36 (requesting legal advise); and PMSC 39496-539

(requesting legal advice).

**B.      Communications Disclosed to Third-Party Waggener Edstrom.**

Microsoft shall review again, according to the instructions provided in Sections A to E of

this Order, the communications identified by Caldera that were disclosed to a third party,

Microsoft's public relations firm, Waggener Edstrom.  All documents prepared in anticipation of

publication, such as press releases, even if in draft form, are not privileged and shall be produced. Microsoft, however, is entitled to withhold as privileged specific communications that discuss the legal ramifications of proposed press releases or other announcements, and that were, as discussed in the prior paragraph, disclosed only to those who were to utilize or implement the legal advice. Communications that simply suggest stylistic changes and the like to proposed press releases and other documents intended for publication or disseminated other than to those who had some legal utility for the information are not privileged and shall be produced.

**C.      Documents in Which No Attorney Is Involved.**

Microsoft shall review again, according to the instructions provided in Sections A to E of this Order, the disputed communications identified by Caldera in which no attorney is listed as an author, recipient, or copyee. These documents are privileged only if the nonlawyers were acting as agents for the lawyer or as agents for Microsoft for purposes of the legal advice, and acting under a sense of confidentiality. As an example, directions from one employee to another to gather information to present to a lawyer to obtain legal advice would be privileged.

**D.      Allegedly Nonprivileged Attachments and Other Material Accompanying Privileged Communications.**

Microsoft shall review again, according to the instructions provided in Sections A to E of this Order, those documents identified by Caldera as being allegedly nonprivileged attachments or nonprivileged material accompanying a privileged communication. If a business memorandum or other communication, such as, for example, a marketing memorandum, is prepared by one nonlawyer and addressed to another nonlawyer, it is privileged only if it was prepared for the purpose of having a lawyer give legal advice. If, however, the document or other communication was prepared independently of the legal advice, and then submitted to the lawyer, then it is not privileged and shall be produced.

**E.     E-Mail Threads.**

Microsoft shall review again, according to the instructions provided in Sections A to E of this Order, the e-mail threads it has withheld as privileged.  E-mail communications within the thread that were already in existence, and then later forwarded to a lawyer, are not privileged and shall be produced.  It is only the specific transmittal communication within the thread to the lawyer, and the lawyer's return communications that are privileged.  Microsoft is not required to produce a revised privilege log for e-mail threads it continues to withhold as privileged.

**F.     Lost Documents.**

Microsoft shall provide to Caldera a sworn affidavit describing its efforts to look for the lost documents identified in Caldera's motion.  The affidavit shall include descriptions of the locations where Microsoft looked for the lost documents, including whether it has searched the files of consultants, attorneys, and persons listed on the communications, the persons with whom it inquired, and the approximate dates these activities were conducted.

IT IS SO ORDERED.

DATED: 9/25/1999

_____
UNITED STATES MAGISTRATE JUDGE
RONALD N. BOYCE

Approved as to form:

_____
Ryan E. Tibbitts
Lawrence C. Locker
Attorneys for Plaintiff Caldera, Inc.

_____
Mark M. Bettilyon
Mary Megan McLemore
Attorneys for Defendant Microsoft Corporation

hom

United States District Court
for the
District of Utah
September 28, 1999


* * MAILING CERTIFICATE OF CLERK * *


Re:  2:96-cv-00645


True and correct copies of the attached were mailed by the clerk to the
following:


Mr. Max D Wheeler, Esq.
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE
PO BOX 45000
SALT LAKE CITY, UT  84145-5000
JFAX 9,3630400

Stephen D. Susman, Esq.
SUSMAN GODFREY LLP
1000 LOUISIANA STE 5100
HOUSTON, TX  77002-5096
JFAX 8,713,6546666

Charles R. Eskridge III, Esq.
SUSMAN GODFREY LLP
1000 LOUISIANA STE 5100
HOUSTON, TX  77002-5096
JFAX 8,713,6543357

Ralph H. Palumbo, Esq.
SUMMIT LAW GROUP
1505 WESTLAKE AVE N STE 300
SEATTLE, WA  98109

Lawrence C. Locker, Esq.
SUMMIT LAW GROUP
1505 WESTLAKE AVE N STE 300
SEATTLE, WA  98109

Parker C. Folse III, Esq.
SUSMAN GODFREY LLP
1201 THIRD AVE STE 3090
SEATTLE, WA  98101

James S. Jardine, Esq.
RAY QUINNEY & NEBEKER
79 S MAIN ST
PO BOX 45385
SALT LAKE CITY, UT  84145-0385
JFAX 9,5327543

Richard J. Urowsky, Esq.
SULLIVAN & CROMWELL
125 BROAD ST
NEW YORK, NY   10004

William H. Neukom, Esq.
MICROSOFT CORPORATION
BLDG 8S/2078
ONE MICROSOFT WAY
REDMOND, WA   98052

James R. Weiss, Esq.
PRESTON GATES ELLIS & ROUVELAS MEEDS
1735 NEW YORK AVE NW
WASHINGTON, DC   20006

Michael H. Steinberg, Esq.
SULLIVAN & CROMWELL
1888 CENTURY PARK EAST
LOS ANGELES, CA   90067

Mr. Clark Waddoups, Esq.
PARR WADDOUPS BROWN GEE & LOVELESS
185 S STATE ST STE 1300
PO BOX 11019
SALT LAKE CITY, UT   84147
JFAX 9,5327750

Robert G. Loewy, Esq.
OMELVENY & MYERS
610 NEWPORT CENTER DR
STE 1700
NEWPORT BEACH, CA   92660-6429

Mr. Michael P O'Brien, Esq.
JONES WALDO HOLBROOK & MCDONOUGH
170 S MAIN ST STE 1500
PO BOX 45444
SALT LAKE CITY, UT   84145-0444

James Chadwick, Esq.
GRAY CARY WARE & FRIDENRICH
400 HAMILTON AVE
PALO ALTO, CA   94301-1825
JFAX 8,650,3273699

Mr. Gary F. Bendinger, Esq.
GIAUQUE CROCKETT BENDINGER & PETERSON
170 S MAIN STE 400
SALT LAKE CITY, UT   84101-1664
JFAX 9,5311486

Richard L. Klein, Esq.
WILLKIE FARR & GALLAGHER
787 SEVENTH AVE
NEW YORK, NY   10019