Richard J. Urowsky
Richard H. Klapper
Steven L. Holley
Richard C. Pepperman, II
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael H. Steinberg
SULLIVAN & CROMWELL
1888 Century Park East
Los Angeles, California 90067
(310) 712-6600

William H. Neukom
Thomas W. Burt
David A. Heiner, Jr.
Steven J. Aeschbacher (A4527)
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

James S. Jardine (A1647)
Mark M. Bettilyon (A4798)
Mark W. Pugsley (A8253)
RAY, QUINNEY & NEBEKER
Deseret Building, Suite 400
79 South Main Street
Salt Lake City, Utah 84111
(801) 532-1500

*Attorneys for Microsoft Corporation*

**FILED**
CLERK, U.S. DISTRICT COURT
25 JAN 00 PM 4:44
DISTRICT OF UTAH
BY: _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CALDERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | No. 2:96 CV 0645B <br><br> Judge Dee V. Benson <br> Magistrate Judge Ronald N. Boyce <br><br> ORDER ON RENEWED MOTION TO UNSEAL PARTS OF COURT FILE AND MOTION TO STAY THE SAME |

665

On Thursday, January 6, 2000, the Honorable Magistrate Judge Ronald N. Boyce heard oral arguments on the renewed motion to unseal parts of the court filed by *The San Jose Mercury News* and joined in by *The Salt Lake Tribune* and the motion to stay this renewed motion filed by Microsoft in the above-captioned matter. Microsoft was represented by James S. Jardine and Mark W. Pugsley of Ray, Quinney & Nebeker. Caldera was represented by Heather White of Snow, Christensen & Martineau. *The San Jose Mercury News* and *The Salt Lake Tribune* (collectively the "News Media") were represented by Michael Patrick O'Brien of Jones Waldo Holbrook & McDonough. The Court having read the papers submitted by the parties and heard argument, and for good cause shown:

IT IS HEREBY ORDERED THAT:

1. The Motion to Stay filed by defendants Microsoft Corporation ("Microsoft") is denied.

2. The Court resolves the renewed motion to unseal parts of the Court's file as follows:

    A. The following sealed documents in the Court file (identified by docket numbers and descriptions) are hereby unsealed:

    # 45 "SEALED Motion by Caldera for leave to file overlength reply memo re: Modification of Status Rpt"

    # 46 "SEALED Order Granting Motion for leave to file an overlength memo re: Modification of Status Rpt"

    # 48 "SEALED Memorandum by Microsoft in support of [47-1] motion to file sur-reply memo in opp to Caldera's req to mod protective order"

#255 "SEALED Memorandum by Caldera in support of [225-1] motion to declare portions of Stefanie Reichel's deposition not confidential"

#515 "SEALED Response by Microsoft to [497-1] file notice re: Caldera's Consolidated Stmt of Facts"

B. The Court Clerk is hereby instructed to make a copy of (but not unseal) the sealed document identified as docket #130 (described as "SEALED Declaration of Charles R. Eskridge III") and deliver it in a sealed envelope to Microsoft's counsel in this matter, Ray, Quinney & Nebeker. Microsoft will then review the document, redact it if necessary, and deliver it to the News Media as set forth below within ten days of receipt from the Court. The parties shall then proceed regarding this document as provided in Section 2(D) below.

C. As to the document filed under seal by third party Novell, docket #263 ("SEALED Memorandum by Novell Inc. in opposition to [245-1] motion to compel Novell to prod docs as to which atty-client has been waived or for which Novell has failed to support its claim of privilege") the News Media is directed to contact Novell and notify it that unless an objection is asserted within ten (10) days of that contact the Court will unseal this document. If an objection is filed, the court shall review the same and determine whether or not to unseal this document.

D. With respect to the sealed documents (not including exhibits thereto designated "confidential") in the Court file listed below which do not relate to summary judgment motions, Microsoft takes the position that these documents contain confidential and/or

3

proprietary information. Therefore, with respect to these documents, Microsoft shall proceed as follows:

1. With regard to the motions, memoranda and declarations in these filings, Microsoft shall deliver redacted versions to the News Media with the confidential portions redacted. Microsoft shall deliver to the News Media a log that identifies all such redactions, and provides the basis therefore on or before January 21, 2000. The News Media may seek an *in camera* review any of these redactions within thirty (30) days of receipt of the log.

2. As for the exhibits to these memoranda, Microsoft shall produce redacted versions of thereof, which contain the title and the portion of the exhibits, in context, quoted or recited in the memorandum.

3. This section applies to the following docket numbers only:

# 34 "SEALED First Status Report filed by Caldera"

# 41 "SEALED Memorandum by Microsoft in opposition to the pla's req/modify the protective order (note: pla's req/modify the proto has not been filed w/crt)"

# 44 "SEALED Reply by Caldera to response to pla's req/modify the protective order (note: pla's req/modify the proto has not been filed w/crt)"

# 96 "SEALED Declaration of Stephen J. Hill"

# 130 "SEALED Declaration of Charles R. Eskridge III"

4

# 255 ~~"SEALED Memorandum by Caldera in support of [255-1] motion to declare portions of Stefanie Reichel's deposition not confidential"~~ MJB 1/24/00, see page 3

# 256 "SEALED Declaration of Stephen J. Hill"

# 267 "SEALED Memorandum by Microsoft in opposition to [255-1] sealed expedited motion to declare portions of Stefanie Reichel's deposition not confidential"

# 323 ~~"SEALED Declaration of Stephen J. Hill"~~ "Sealed response by Microsoft to [294-1] motion to disqualify Microsoft's counsel as counsel for Stefanie Reichel individually." MJB

E. As to the sealed summary judgment motions and memoranda that have been requested by the News Media, redacted versions of these motions have already been filed by Microsoft and are publicly available. With respect to these documents, Microsoft shall proceed as follows:

    1. On or before January 21, 2000, Microsoft shall produce the publicly filed versions of these motions and memoranda to the News Media together with a log that identifies all redactions from the memoranda and exhibits, and provides the basis for each such redaction. The News Media may seek an *in camera* review any of these redactions within thirty (30) days of receipt.

    2. As for the exhibits to these memoranda (including depositions and reports) submitted in connection with those motions, Microsoft shall produce redacted versions thereof, which contain the title and

the portion of the exhibits, in context, quoted or recited in the memorandum.

3. This applies to the following docket numbers:

\# 356 "SEALED Memorandum by Microsoft in support of [355-1] motion for partial summary judgment on pla's predisclosure claim"

\# 372 "SEALED Motion by Microsoft for partial summary judgment re: pla's state claim of tortious interference"

\# 373 "SEALED Memorandum by Microsoft in support of [372-1] sealed motion for partial summary judgment re: pla's state claim of tortious interference"

\# 374 "SEALED Motion by Microsoft for partial summary judgment re: pla's 'product preannouncement' claims"

\# 375 "SEALED Memorandum by Microsoft in support of [374-1] sealed motion for partial summary judgment re: pla's 'product preannouncement' claims"

\# 376 "SEALED Motion by Microsoft for partial summary judgment re: pla's claim of 'perceived incompatibilities'"

\# 377 "SEALED Memorandum by Microsoft in support of [376-1] Sealed motion for partial summary judgment re: pla's claim of 'perceived incompatibilities'"

\# 378 "SEALED Motion by Microsoft for partial summary judgment re: alleged intentional incompatibilities"

#379 "SEALED Memorandum by Microsoft in support of [378-1] sealed motion for partial summary judgment re: alleged intentional incompatibilities"

#380 "SEALED Motion by Microsoft for partial summary judgment re: pla's 'technological tying' claim"

#381 "SEALED Memorandum by Microsoft in support of [380-1] sealed motion for partial summary judgment re: pla's 'technological tying' claim"

#384 "SEALED Memorandum by Microsoft in support of [383-1] motion for partial summary judgment re: Pla's European and Japanese Claims"

#385 "SEALED Motion by Microsoft for partial summary judgment on claims re: Microsoft's licensing practices"

#386 "SEALED Memorandum by Microsoft in support of [385-1] sealed motion for partial summary judgment on claims re: Microsoft's licensing practices"

#387 "SEALED Motion by Microsoft for partial summary judgment on pla's product disparagement claims"

#388 "SEALED Memorandum by Microsoft in support of [387-1] sealed motion for partial summary judgment on pla's product disparagement claims"

F. As to the documents numbered 264, 265, 266, 267, 304, 305 and 306 requested by the News Media, Microsoft shall explain in a log why it believes these documents should remain sealed. The News Media may seek *in camera* review of this position within thirty (30) days of receipt of the log.

DATED this 25th day of January 2000.

BY THE COURT

_____
The Honorable Ronald N. Boyce
United States District Court Magistrate Judge

APPROVED AS TO FORM:

RAY, QUINNEY & NEBEKER

By: _____
James S. Jardine
Mark W. Pugsley
Attorneys for Defendant
Microsoft Corporation

SNOW CHRISTENSEN & MARTINEAU

By: _____
Ryan E. Tibbitts
Heather White
Attorneys for Plaintiff Caldera

8

JONES, WALDO, HOLBROOK & McDONOUGH

By: *[signature]*

Michael Patrick O'Brien
Attorneys for *The San Jose Mercury News*
and *The Salt Lake Tribune*

hom

United States District Court
for the
District of Utah
January 26, 2000


* * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:96-cv-00645


True and correct copies of the attached were either mailed or faxed by the clerk to the following:


    Mr. Max D Wheeler, Esq.
    SNOW CHRISTENSEN & MARTINEAU
    10 EXCHANGE PLACE
    PO BOX 45000
    SALT LAKE CITY, UT  84145-5000
    JFAX 9,3630400

    Stephen D. Susman, Esq.
    SUSMAN GODFREY LLP
    1000 LOUISIANA STE 5100
    HOUSTON, TX  77002-5096
    JFAX 8,713,6546666

    Ralph H. Palumbo, Esq.
    SUMMIT LAW GROUP
    1505 WESTLAKE AVE N STE 300
    SEATTLE, WA  98109

    Parker C. Folse III, Esq.
    SUSMAN GODFREY LLP
    1201 THIRD AVE STE 3090
    SEATTLE, WA  98101

    James S. Jardine, Esq.
    RAY QUINNEY & NEBEKER
    79 S MAIN ST
    PO BOX 45385
    SALT LAKE CITY, UT  84145-0385
    JFAX 9,5327543

    Richard J. Urowsky, Esq.
    SULLIVAN & CROMWELL
    125 BROAD ST
    NEW YORK, NY  10004

    William H. Neukom, Esq.
    MICROSOFT CORPORATION
    BLDG 8S/2078
    ONE MICROSOFT WAY
    REDMOND, WA  98052

James R. Weiss, Esq.
PRESTON GATES ELLIS & ROUVELAS MEEDS
1735 NEW YORK AVE NW
WASHINGTON, DC   20006

Michael H. Steinberg, Esq.
SULLIVAN & CROMWELL
1888 CENTURY PARK EAST
LOS ANGELES, CA   90067

Mr. Clark Waddoups, Esq.
PARR WADDOUPS BROWN GEE & LOVELESS
185 S STATE ST STE 1300
PO BOX 11019
SALT LAKE CITY, UT   84147
JFAX 9,5327750

Robert G. Loewy, Esq.
OMELVENY & MYERS
610 NEWPORT CENTER DR
STE 1700
NEWPORT BEACH, CA   92660-6429

Mr. Michael P O'Brien, Esq.
JONES WALDO HOLBROOK & MCDONOUGH
170 S MAIN ST STE 1500
PO BOX 45444
SALT LAKE CITY, UT   84145-0444

James Chadwick, Esq.
GRAY CARY WARE & FRIDENRICH
400 HAMILTON AVE
PALO ALTO, CA   94301-1825
JFAX 8,650,3273699

Mr. Gary F. Bendinger, Esq.
GIAUQUE CROCKETT BENDINGER & PETERSON
170 S MAIN STE 400
SALT LAKE CITY, UT   84101-1664
JFAX 9,5311486

Richard L. Klein, Esq.
WILLKIE FARR & GALLAGHER
787 SEVENTH AVE
NEW YORK, NY   10019
JFAX 8,212,7288111